Andrea Darrow Smith, Esq. (SBN: 265237)
andrea@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
4129 Main Street, Suite B8
Riverside, CA 92501
Telephone:   (951) 784-7770
Facsimile:    (619) 297-1022

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Arvin Ko<br><br>                    Plaintiff,<br>v.<br><br>Allied Interstate, Inc.; LVNV Funding, LLC<br><br>                    Defendants. | **Case Number:** '11CV1345 BTM WVG<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter

1. "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Arvin Ko, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Allied Interstate, Inc. ("Defendant Allied") and LVNV Funding, LLC. ("Defendant LVNV") (collectively "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

///

///

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. §§ 1331, 1337, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

9. Because Defendant does business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

11. Defendants conduct business in San Diego County and are subject to personal jurisdiction in San Diego County, and therefore Defendants reside in this judicial district pursuant to 28 U.S.C. § 1391(c).

**PARTIES**

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by

California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

17. **PRIVACY PROTECTIONS IN THE FDCPA AND THE ROSENTHAL ACT**

18. The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual owes a debt. "[T]he FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties …." *FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg.50097 (Dec. 13, 1988), at 50103.*

19. 15 U.S.C. § 1692c(b) contains a general prohibition against debt collectors communicating with third parties:

> (b) Communication with third parties—Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Section 1692b deals with locating debtors who cannot be found.

20. Second, 15 U.S.C. § 1692d(3) and (4) defines as "harassment" and a violation of the FDCPA "**[t]he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681 a(t) or 1681b(3) of this title**" and

the "**advertisement for sale of any debt to coerce payment of the debt**." Section 1681a(f) is the Fair Credit Reporting Act definition of consumer reporting agency. Section 1681 b(3) is a Fair Credit Reporting Act provision dealing with use of consumer reports. The Federal Trade Commission has interpreted these provisions to bar publication to one or more persons: "Debt collectors may not exchange lists of consumers who allegedly refuse to pay their debts …. A debt collector may not distribute a list of alleged debtors to its creditor subscribers." *FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50105*.

21. Section l692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.…
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.…

## FACTUAL ALLEGATIONS

22. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

23. At all times relevant, Defendants conducted business within the State of California.

24. Sometime before August 18, 2010, Plaintiff is alleged to have incurred certain financial obligations.

///

25. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

26. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27. Sometime thereafter, but before August 18, 2010, Plaintiff allegedly fell behind in the payments owed on a debt.

28. Subsequently, but before August 18, 2010, the now allegedly defaulted debt was purchased by, assigned to, placed, or otherwise transferred to, Defendants for collection.

29. On or about August 18, 2010, Defendant Allied mailed a dunning letter to Plaintiff.  A few days later, Plaintiff received that letter.

30. This dunning letter is hereinafter referred to in this Complaint as the "August 18, 2010 mailing."

31. Included with this August 18, 2010 mailing to Plaintiff, Defendants included a document and communication that Defendants called a "Privacy Notice" which was sent on behalf of Defendant LVNV.

32. This August 18, 2010 mailing sought to collect debts allegedly incurred for personal, family or household purposes.

33. This August 18, 2010 mailing sought to collect money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person.

34. This August 18, 2010 mailing to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

35. This August 18, 2010 mailing was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

36. The privacy notice included in this August 18, 2010 mailing, and referred to above, states as follows:

> **Information We May Collect.** The Sherman Companies may collect the following personal information:
>
> (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets;
>
> (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history;
>
> (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history; an
>
> (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings.
>
> All of the personal information that we collect is referred to in this notice as "collected information".

37. All of the information in the August 18, 2010 mailing is integrally related to debt collection.

38. The privacy notice included in this August 18, 2010 mailing also states as follows:

///

///

///

///

**Sharing Collected Information with Affiliates and Third Parties**

**Sharing with Affiliates.** From time to time, the Sherman Companies *may share* collected information about customers and former customers *with each other and with their affiliated financial services companies* in connection with administering and collecting accounts.

**Sharing with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties *except as permitted by applicable privacy law.* For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes. [*emphasis added*]

39. Many of the uses listed in this privacy notice are prohibited by the FDCPA and the Rosenthal Act, in that they threaten communication with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant in connection with the collection of a debt.  Consequently, Defendant threatens to violate 15 U.S.C. § 1692c(b), as well as Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692c(b).

40. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendants violated 15 U.S.C. § 1692e(5), as well as Cal. Civ. Code § 1788.17.

41. In addition, the listed uses in this privacy notice amount to the publication of lists of persons who have allegedly refused to pay debts, and either still have not paid or were ultimately induced to pay. The actual publication of such lists would violate 15 U.S.C. § l692d, as well as Cal. Civ. Code § 1788.17, and the statement that Defendants will do so or have the right to do so violates 15 U.S.C. § 1692e, as well as Cal. Civ. Code § 1788.17.

42. Through this conduct, Defendants threaten to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5), as well as Cal. Civ. Code § 1788.17.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- Such other or further relief as the Court deems proper.

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: June 16, 2011          **Hyde & Swigart**

By:   /s/ Andrea Darrow Smith
Email: andrea@westcoastlitigation.com
Attorneys for Plaintiff